UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:26-cv-03880-CAS-DTB | Date | April 14, 2026 |
|---|---|---|---|
| Title | Gamaliel Rodriguez Pastrana v. Fereti Semaia et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    (IN CHAMBERS) – EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. 2, filed on April 10, 2026)

On April 10, 2026, Gamaliel Rodriguez Pastrana ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Fereti Semaia, Ernesto Santacruz, Todd M. Lyons, Markwayne Mullin, and Todd Blanche (collectively, "Respondents"), in their official capacities. Dkt. 1 ("Pet."). Petitioner asserts that his detention violates the Due Process Clause of the Fifth Amendment of the U.S. Constitution. Id. ¶¶ 55-59. Petitioner requests, among other things, that the Court order his immediate release from immigration detention. Id. Prayer for Relief.

On the same day, Petitioner filed the instant *ex parte* motion for a temporary restraining order. Dkt. 2. Petitioner's motion for a temporary restraining order requests that the Court order: (1) that Respondents must immediately release Petitioner from custody; (2) that Respondents are enjoined from re-arresting Petitioner without an adequate pre-deprivation hearing; and (3) that Respondents are enjoined from transferring Petitioner outside of the Court's jurisdiction. Id. at 32.

On April 11, 2026, the Court issued "Order Granting Petitioner's Emergency Motion for Temporary Restraining Order." Dkt. 3. The Court's order provisionally granted Petitioner's motion for a temporary restraining order and enjoined and restrained Respondents, and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them, from transferring Petitioner outside this jurisdiction pending a further order from the Court. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-03880-CAS-DTB | | Date | April 14, 2026 |
|----------|------------------------|--|------|----------------|
| Title | Gamaliel Rodriguez Pastrana v. Fereti Semaia et al | | | |

Petitioner's petition for a writ of habeas corpus seeking immigration-related relief is governed by General Order 26-05. See dkt. 6. The filing of Petitioner's instant *ex parte* motion for a temporary restraining order does not alter or suspend the parties' obligations under the expedited briefing schedule set forth in the "Notice of General Order 26-05 and Briefing Schedule." Dkt. 6. Pursuant to the General Order, Respondents shall file an answer to the petition no later than April 20, 2026. Id. Petitioner, who is represented by counsel, may file a reply on or before April 23, 2026. Id. Thereafter, the matter will stand submitted for final disposition.

General Order 26-05 dictates that "[a]pplications for TROs should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." Id. Accordingly, in light of the General Order's expedited briefing schedule and the Court's order enjoining and restraining Respondents from removing Petitioner from the Central District of California until further order of the Court, the Court finds that *ex parte* relief on the merits of Petitioner's claims in his petition for a writ of habeas corpus is not justified in this case. See, e.g., Oscar Emerson Nolasco Argueta v. Secretary of Homeland Security et al, No. 5:26-cv-01687-JLS-E, Dkt. 7 (C.D. Cal., Apr. 7, 2026).

Accordingly, Petitioner's instant *ex parte* motion for a temporary restraining order is **GRANTED IN PART** and **DENIED IN PART**. The Court hereby **ORDERS** that Respondents, and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them, remain enjoined and restrained from transferring or removing Petitioner outside of the Central District of California until further order of the Court. Proceedings on the merits of Petitioner's underlying petition for a writ of habeas corpus will proceed in accordance with General Order 26-05, dkt. 6. Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to the assigned magistrate judge for decision.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |