O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAMALIEL RODRIGUEZ PASTRANA, | Case No. 2:26-cv-03880-CAS (DTB) |
| Petitioner, | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| FERETI SEMAIA, Warden of the Adelanto Detention Center, et al., | |
| Respondents. | |

## I.    INTRODUCTION

On May 20, 2026, United States Magistrate Judge David T. Bristow (the "Magistrate Judge") issued a Report and Recommendation granting petitioner Gamaliel Rodriguez Pastrana's ("petitioner") petition for a writ of habeas corpus. Dkt. 13 ("R&R").  On May 22, 2026, petitioner filed objections to portions of the R&R (the "Objection" or "Obj.").  Dkt. 15.  Respondents did not file objections to the R&R.

///

1

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and plaintiff's Objections thereto. After having made a *de novo* determination of the portions of the R&R to which plaintiff's Objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II.    BACKGROUND

Petitioner is a 37-year-old native and citizen of Honduras. Dkt. 1 ("Petition" or "Pet.") ¶¶ 2, 27; Dkt. 9-1 at 2; Dkt. 12-1 ("Russi Decl.") ¶ 3. On or about July 4, 2012, petitioner entered the United States, without inspection. Pet. ¶ 2; Dkt. 9-1 at 2. According to petitioner, he served as a key witness and ultimately was "unjustly" charged in a human smuggling case in Arizona. Pet. ¶¶ 2, 28-30, 37. On September 18, 2012, pursuant to a plea agreement, petitioner was convicted of solicitation to commit human smuggling, a class 6 felony in Arizona. Id. ¶ 30. The imposition of petitioner's sentence was suspended pending the completion of probation, which petitioner successfully completed, and final judgment was ordered in 2013. Id.

On September 20, 2012, the Department of Homeland Security issued a Notice to Appear, charging petitioner with inadmissibility pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).2. Dkt. 9-1 at 2. On an unspecified date in September 2012, petitioner was transferred to Immigration and Customs Enforcement ("ICE") custody. Pet. ¶¶ 2, 31. On September 28, 2012, removal proceedings commenced. Dkt. 9-1 at 2-3. Petitioner filed applications for asylum, withholding of removal, and protection under the Convention Against Torture. Pet. ¶¶ 3, 31; Dkt. 9-1 at 3. On October 22, 2012, the immigration judge found petitioner inadmissible as charged. Dkt. 9-1 at 3. In December 2012 (after a few months in immigration custody), Petition was granted a $7,500.00 bond and was released without any order of supervision. Pet. ¶¶ 2, 31.

2

On September 1, 2014, following petitioner's testimony on June 3, 2014, the immigration judge denied petitioner's applications for asylum, withholding of removal, and protection, and ordered petitioner removed.  Dkt. 9-1; Pet. ¶¶ 4, 31.  Petitioner did not file an appeal.  Pet. ¶ 4.  Petitioner has been subject to a final order of removal since September 1, 2016.  Russi Decl. ¶ 4; Pet. ¶ 4.

On March 12, 2025, after receiving a "Notice to Obligor to Deliver Alien," petitioner checked in at the ICE office in Los Angeles.  Pet. ¶ 5.  On that date, ICE released petitioner on an Order of Supervision ("OSUP"), "which included in-person ICE check-ins, home visits, telephone calls, and biometric collection using a mandatory phone application installed on his cell phone." Pet. ¶ 5.  In January 2026, petitioner was required by ICE to begin wearing a GPS ankle monitor.  Pet. ¶ 5.  Petitioner has been fully compliant with the OSUP.  Id.

On April 9, 2026, petitioner appeared for a scheduled check-in with ICE, whereupon he was issued a Notice of Revocation of Release and taken into custody.  Dkt. 9-2 at 3; see also Pet. ¶¶ 5, 38.  The Notice of Revocation of Release stated: "Your release has been revoked pursuant to 8 C.F.R. § 241.4(i)" because "[t]he purposes of release have been served." Dkt. 9-2 at 2.  It also stated that petitioner would be afforded an informal interview at which he would be given an opportunity to respond to the reasons for the revocation of his release.  Dkt. 9-2 at 3.

At the informal interview on April 9, 2026, petitioner did not give a statement or provide any documents.  Dkt. 9-3.

Petitioner filed applications for a T Nonimmigrant Visa (T-Visa), with a receipt date of March 10, 2025, and a U Nonimmigrant Visa (U-Visa), with a receipt date of August 29, 2025.  Pet. ¶¶ 7, 37.  Both applications apparently are pending.

///

3

Petitioner has been married to his current wife since May 29, 2021.  Pet. ¶¶ 8, 36.  Petitioner is the father of six children (one with his current wife), all under 18 years of age.  Id. ¶¶ 8, 35-36.  On or about October 25, 2021, petitioner was awarded sole custody of his three oldest children because their mother died in Honduras.  Id. ¶¶ 8, 34.  He is the stepfather to his current wife's other two children, United States citizens.  Id. ¶¶ 8, 36.  Based on his wife's work-related injury in 2022, petitioner is the sole financial provider.  Id.  Petitioner has not suffered any arrests since 2012 and has no other criminal history.  Pet. ¶¶ 9, 37.

From April 22, 2026, to April 28, 2026, petitioner was hospitalized at Victor Valley Global Medical Center for a knee issue. Petitioner's scheduled knee surgery was cancelled, and petitioner was returned to Desert View Detention Facility in a wheelchair with minimal pain medication prescriptions.  According to petitioner, he has not received adequate medical care while in ICE custody.  Dkt. 11 at 2-3, ¶¶ 4-9.  However, Respondents assert that Plaintiff "has been receiving significant medical attention related to his knee while in ICE detention." Dkt. 12 at 7; see Russi Decl. ¶¶ 6-11.

On April 4, 2026, petitioner filed a petition for writ of habeas corpus against Fereti Semaia, Warden of the Adelanto Detention Center; Earnesto Santacruz, Current or Acting Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; Todd M. Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the U.S. Department Of Homeland Security; and Todd Blanche, Attorney General of the United States, in their official capacities (collectively, "Respondents").  Pet. at 1. Petitioner alleges that his re-detention, without first providing a pre-deprivation hearing, violates substantive due process and procedural due process.  Pet. at 16.

///

///

4

### III.   LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

### IV.   DISCUSSION

Petitioner argues that recommendation (2)(b) of the R&R should be modified to expressly prohibit the government from reinstating ankle monitoring upon petitioner's release from detention. Obj. at 2. On March 12, 2025, petitioner was released from ICE custody with an Order of Supervision that did not include

ankle monitoring.  Pet. ¶ 5.  Subsequently, in January 2026, the government required petitioner to begin wearing a GPS ankle monitor.  Pet. ¶ 5.  Petitioner was re-detained in April 2026.  Id.; Dkt. 9-2.  Petitioner's petition did not allege that the government's requirement that he wear an ankle monitor in January 2026 was unlawful.  See generally Pet.  Instead, the sole claim alleged in the Petition was that the revocation of petitioner's release and his subsequent detention violate his right to due process under the Fifth Amendment.  Pet. at 16.

Therefore, the Magistrate Judge did not consider, and the Court cannot presently consider under review, petitioner's newly raised argument that ankle monitoring violates petitioner's right to due process.  See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").[1] Moreover, petitioner states in the Objection that he "agrees to have his previous conditions of supervision reinstated to place him in a position *before* he was unlawfully detained,"  Obj. at 2 (emphasis in original), and the facts demonstrate that petitioner was already subject to the condition of ankle monitoring *prior* to his recent unlawful re-detention.  Pet. ¶ 5.

In sum, the Court agrees with the Magistrate Judge's recommendation to grant petitioner's petition for a writ of habeas corpus, ordering that petitioner be released from immigration detention under the conditions of supervision that existed prior to his unlawful detention.

---

[1] Until such a claim is raised, the Court need not resolve the questions of whether ankle monitoring amounts to "custody" for the purpose of jurisdiction to grant a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or whether the imposition of such a condition of release pursuant to statutory and regulatory authority constitutes a due process violation.

## V. CONCLUSION

Having completed its review, the Court accepts and adopts the findings and recommendations set forth in the R&R.

Accordingly, IT IS ORDERED that Judgment be entered: (a) declaring that ICE's revocation of petitioner's Order of Supervision and subsequent re-detention of petitioner violated the Due Process Clause of the Fifth Amendment and federal law; (b) ordering respondents to IMMEDIATELY RELEASE petitioner Gamaliel Rodriguez-Pastana (A# 205-418-606) from custody, to reinstate his previous conditions of supervision, and to return all property confiscated from him during his arrest and processing into detention; and (c) enjoining respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from: (i) re-detaining petitioner without notice and an individualized pre-detention hearing before a neutral arbiter at which it is determined that detention is lawful and warranted under the applicable statutes and regulations either because petitioner has violated a term of his Order of Supervision or because his removal from the United States is significantly likely in the reasonably foreseeable future, including that respondents have procured travel documents for petitioner and that such documents are in the possession of ICE; and (ii) removing petitioner to any country without appropriate notice and an opportunity to be heard in accordance with any applicable ICE regulations, including the opportunity to assert a torture-based or fear-based objection. Respondents are directed to file within two days of the issuance of this order a statement attesting to compliance with the terms of this order or a status report explaining why there has not been compliance.

Dated: May 29, 2026

_Christina A. Snyde_____

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

7